PAUL STONE CO. v. SAUCEDO. (No. 5362.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 5, 1914. Rehearing Denied Jan. 6, 1915.)

1. APPEAL AND ERROR (§ 1001*)—CREDIBILITY OF WITNESSES—QUESTION FOR JURY.

The jury must pass on the inconsistencies in the testimony and reconcile the same, if possible, and a verdict sustained by evidence will not be disturbed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

2. MASTER AND SERVANT (§ 125*)—INJURY TO SERVANT — OBLIGATION OF MASTER — SAFE PLACE TO WORK.

An employer using, from time to time, dynamite in loosening stone on which an employé is working at a place selected by the employer is chargeable with knowledge that parts of the ledge may drop on the employé, and is liable for injury to the employé by loose stone falling on him; as the employé may assume that any loose stone had been removed by the master.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 243–251; Dec. Dig. § 125.*]

3. MASTER AND SERVANT (§§ 211, 241*)—INJURY TO SERVANT — CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK.

Where an employé working at a place fixed by the employer knew nothing of its unsafe condition by reason of the danger of loose stone falling on him, and the employer, using dynamite from time to time in loosening stone, did not exercise any care to prevent accidents to employés

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

by falling stones, and the danger was not open and apparent, the employé did not, as a matter of law, assume the risk, and was not guilty of contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 557, 757; Dec. Dig. §§ 211, 241.*]

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by Reynaldo Saucedo against the Paul Stone Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Andrews, Streetman, Burns & Logue, of Houston, Kampmann & Burney, of San Antonio, W. L. Cook, of Houston, and H. P. Burney, of San Antonio, for appellant. T. H. Ridgeway, of San Antonio, for appellee.

FLY, C. J. This is a suit for damages instituted by appellee, in which it was alleged that he had been injured through appellant, who was his employer, in not using ordinary care in providing him a safe place in which to perform his labor and not warning him of the danger. A trial by jury resulted in a verdict and judgment for appellee in the sum of $2,000.

Appellee was employed by appellant to break stone, and, while engaged in the place where he had been set to work by appellant, had his leg broken by a stone which fell from a ledge of stone near by. Appellant had been dynamiting the stone previous to the accident, and, although its president and manager was present just before the accident, no inspection was made to ascertain if there were any loose stone on the ledge that might fall. Appellee was ignorant of the fact that no inspection had been made, and appellant failed to warn him of the danger.

[1] The first assignment of error assails the answer of the jury to the effect that a loose rock fell from the side of a bluff or cliff and injured appellee, on the ground that the answer is not sustained by the evidence. The testimony of appellee and his witness Antonio Hurs, copied into the brief of appellant, showed that he was struck by a rock that fell from the ledge or cliff upon him. There are inconsistencies in the testimony of appellee and Hurs, but they were for the jury to pass upon and reconcile, and there is testimony to sustain their finding.

The second, third, fourth, and fifth assignments attack the answers of the jury to the effect that appellant was guilty of negligence in not providing a safe place in which appellee was to work, and in not warning him of the danger. All of the answers are sustained by the facts.

[2] Appellant from time to time used dynamite in loosening the stone on which appellee was working, and was charged with knowledge that parts of the ledge might at any time drop down on the workman, and should have had all loose stone removed. The em-

ployés could assume such duty had been performed by the master. If the loose stone had been removed as it should have been, the accident would not have occurred.

[3] This case is a different one from those in which persons were injured by cotton seed, sand, or earth under which they were working tumbling down. Common sense and reason would teach any human being that if he worked under such substances that they would probably drop down, but not so with stone so solid that it could be broken off only by the use of dynamite. The evidence does not show that appellee knew that there was any loose stone above, and he might, without an inspection, assume that there was none. The duty of inspection devolved upon appellant, and a proper inspection would have disclosed the loose rock, but no inspection was made. Appellee was working where he was told to work, and knew nothing of the unsafe condition of the place. No care whatever was exercised to prevent accidents to the employés, as is freely admitted by the president and general manager of the company. The danger was not open and apparent, and appellee did not know of the danger.

The questions as to whether appellee assumed the risk or was guilty of contributory negligence were submitted to the jury, and they found that he had not assumed the risk, and that he was not guilty of contributory negligence. Each of them was a question of fact, and the evidence sustains the findings of the jury. Even in a case where the rules of the master required the servant to examine the place in which he was working, it was held by this court that it is for a jury to say whether the failure of the servant to examine the place in which he works is negligence or not. Stag Canon Fuel Co. v. Rose, 145 S. W. 677. That was a case in which a stone fell on a servant while working in a coal mine. A writ of error was denied by the Supreme Court.

The judgment is affirmed.